FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUL 19 2012 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X

JOEL MURRAY,                                                               :    12-CV-3240 (ARR)

                Plaintiff,                                              :    NOT FOR ELECTRONIC
                                                                                :    OR PRINT PUBLICATION
    -against-                                                                 :
                                                                                :    MEMORANDUM AND
POLICE OFFICER L. WILLIAMS, DEPARTMENT OF      :    ORDER
HOMELESS SERVICES, DISTRICT ATTORNEY'S           :
OFFICE, NEW YORK CITY, JOHN DOE, JOHN DOE,       :
and JOHN DOE, et al.,                                                       :
                                                                                X
                Defendants.

------------------------------------------------------------------

ROSS, United States District Judge:

      Plaintiff Joel Murray, currently detained at Rikers Island, brings this pro se civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's application to proceed in forma pauperis is granted pursuant to 28 U.S.C. § 1915. The District Attorney's Office and the Department of Homeless Services ("DHS") are dismissed as defendants. Plaintiff's claims against Police Officer L. Williams, the City of New York, and John Doe defendants may proceed.

## BACKGROUND

      Plaintiff alleges that he was sexually assaulted on July 18, 2011, while he was residing and receiving treatment at the Salvation Army Kingsboro MICA Men's Shelter in Brooklyn, New York. Complaint, IV. He states that he responded by punching his attacker. Id. According to plaintiff, police officers thereafter confronted him and escorted him to a nearby DHS office. Id. Plaintiff states that he told DHS officers that he had been sexually assaulted and requested medical attention. Id. Plaintiff then went to the hospital, where he "was placed on H.I.V. Medication and had a Rape Kit done." Compl., IV. A. He states that he is "presently

receiving Mental Health Medication to help [him] cope with this issue and sleep at night." Id.

Plaintiff alleges that he was arrested by police officers and/or DHS officers and that those officers failed to arrest the individual who had attacked him. Compl., Add. at 2. He further claims that the officers deliberately misplaced rape kit evidence in order to prevent him from filing a cross-claim. Id. According to plaintiff, the officers told him "the victim had presse[d] charges first," and that he could not also press charges. Id. at 3. Plaintiff also asserts that "the Brooklyn (Kings County) District Attorney's Office deliberately did not allow [him] the opportunity to place the complainant witness under arrest." Id. at 4. Plaintiff asks the court to address the "unwritten policy and practices" of New York City agencies of "not following proper Procedural Due Process . . . with malice intent to destroy delberately [sic] evidence submitted to the 71st Precinct establishing a crime of Rape and preventing the exercise of one's rights to cross-claim charge." Compl., V. He seeks $50 million in damages.

## DISCUSSION

I. **Standard of Review**

A district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A. The court is required to read a plaintiff's pro se complaint liberally and to interpret it as raising the strongest arguments it suggests, particularly where, as here, plaintiff's complaint alleges civil rights violations. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191 (2d Cir. 2008). Upon review, however, a district court shall dismiss a prisoner's complaint sua sponte if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who

2

is immune from such relief." Id.; Liner v. Goord, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (noting that, under PLRA, sua sponte dismissal of frivolous prisoner complaints is mandatory). Similarly, a district court shall dismiss an in forma pauperis action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## II. Claims against the DHS and the District Attorney's Office

The DHS and the Kings County District Attorney's Office are not suable entities. The DHS is an agency of the City of New York. Such governmental entities "may not be sued in an individual capacity absent express consent from the state," and the "the New York City Charter expressly mandates that 'actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency.'" Warheit v. City of New York, No. 02 Civ. 7345, 2006 U.S. Dist. LEXIS 58167, at *40 (S.D.N.Y. Aug. 15, 2006) (quoting N.Y. City Charter §396). For similar reasons, plaintiff may not sue the district attorney's office as a separate legal entity.[1] Conte v. County of Nassau, No. 06-CV-4746 2008 U.S. Dist. LEXIS 25694, at *2-3 n.2 (E.D.N.Y. Mar. 31, 2008) (concluding that, because the Nassau County District Attorney's Office was an administrative arm of the County, it lacked the capacity to be sued); see See McCray v. City of New York, Nos. 03 Civ. 9685 (DAB), 03 Civ. 9974 (DAB), 03 Civ. 10080 (DAB), 2007 U.S. Dist. LEXIS 90875, at *88-89 (S.D.N.Y. Dec. 11, 2007) (collecting cases holding that the District Attorney's Office is not a suable entity). The DHS and the District Attorney's Office are dismissed as defendants.

---

[1] Nor may plaintiff substitute an individual prosecutor from the District Attorney's Office as a defendant. Prosecutors are entitled to absolute prosecutorial immunity for "performing prosecutorial activities that are 'intimately associated with the judicial phase of the criminal process,'" including the decision whether or not to commence or maintain a prosecution. Ying Jing Gan v. City of New York, 996 F.2d 522, 530 (2d Cir. 1993) (quoting Imbler v. Pachtman, 424 U.S. 409, 430 (1976)).
3

3

### III. Claims Against the Individual Defendants and the City of New York

Plaintiff's claims against the City of New York and individual defendants are not subject to sua sponte dismissal. Municipalities can be held liable under 42 U.S.C. § 1983 only if a plaintiff can show that a municipal policy or custom caused the deprivation of his or her constitutional rights. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-91 (1978). Proof of a single incident of unconstitutional activity is not sufficient to impose municipal liability unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy that can be attributed to a municipal policymaker. City of Oklahoma City v. Tuttle, 471 U.S. 808, 823-24 (1985). Here, plaintiff alleges that his treatment by DHS officers was both a form of retaliation and part of a policy or practice designed to prevent him from filing a cross-claim. In light of these allegations, the court cannot now conclude that his claims against the remaining defendants should be dismissed.

## CONCLUSION

For the reasons set forth above, all of the claims against the DHS and the District Attorney's Office are dismissed, and no summonses shall issue against those entities. The Clerk of Court is directed to amend the caption to reflect the dismissal of those defendants.

Plaintiff's claims shall proceed against the City of New York, Officer Williams, and the John Doe defendants. The Clerk of Court is directed to issue summonses to the named defendants and to mail a copy of the complaint and this order to plaintiff and the New York City Law Department's Federal Litigation Unit. The United States Marshals Service shall serve, on the named defendants, the summonses, together with plaintiff's complaint and this order.

The Court refers this matter to Magistrate Judge Lois Bloom for pretrial supervision.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal would not be

taken in good faith; therefore, in forma pauperis status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

    SO ORDERED.

                                              S/Judge Ross
                                              Allyne R. Ross
                                              United States District Judge

Dated:       July 10, 2012
               Brooklyn, New York

SERVICE LIST:

**Plaintiff:**

Joel Murray
8951101592
GMDC
15-15 Hazen Street
East Elmhurst, NY 11370